Gregory Lee KNOWLES, Petitioner–Appellant,

v.

Gail LEWIS, Deputy Warden, Respondent–Appellee.

No. 01–15171.

D.C. No. CV–97–20685 RMW.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 5, 2001.

Decided Dec. 26, 2001.

Before KOZINSKI, RYMER, and SILVERMAN, Circuit Judges.

MEMORANDUM *

Petitioner Knowles appeals the denial of his writ of habeas corpus. We have jurisdiction pursuant to 28 U.S.C. § 2253 and we affirm.

Knowles first argues that the prosecutor committed misconduct in informing the trial court that witness Douglas "could be facing prosecution" for attempting to dissuade the victim from testifying. Because Knowles failed to develop in state court the factual basis for the claim of misconduct, he may not be granted an evidentiary hearing in federal court to further develop it. See 28 U.S.C. § 2254(e)(2). Based on

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

the facts contained in the record, we cannot say that the state court's decision on this issue was contrary to, or an unreasonable application of, federal law as determined by the Supreme Court. *See id.* § 2254(d)(1); *see also United States v. Touw*, 769 F.2d 571, 573 (9th Cir.1985) (a prosecutor's statements to the judge "calling the court's attention to the dangers of a witness testifying" and resulting in the witness invoking his privilege against incrimination, did not constitute prosecutorial misconduct).

Knowles next argues that cumulative trial errors, including the erroneous admission of prior bad acts, rendered the trial fundamentally unfair. He also argues that the preclusion of Douglas's testimony was error. These claims are beyond the scope of the Certificate of Appealability, and thus may only be addressed if Knowles can make a "substantial showing of the denial of a constitutional right." *Hiivala v. Wood*, 195 F.3d 1098, 1104 (9th Cir.1999) (quoting 28 U.S.C. § 2253(c)(2)) (internal quotation marks omitted). No such showing has been made.

Knowles last argues that he received ineffective assistance of counsel. This claim was not raised in his opening brief and thus has been waived. *See Miller v. Fairchild Indus., Inc.*, 797 F.2d 727, 738 (9th Cir.1986).

**AFFIRMED.**